**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **JUDI LEE MASON, GEORGE ALLEN MASON, AND AMY ANNE PAZ MASON,** | § | |
| ***Plaintiffs*,** | § | **No. 6:25-CV-00324-LS-DNM** |
| **v.** | § | |
| **STATE FARM LLOYDS,** | § | |
| ***Defendant*.** | § | |

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs sue State Farm because of a dispute about whether there is insurance coverage for damage to the foundation of Plaintiffs' home.[1] State Farm moves for summary judgment on Plaintiffs' extra-contractual claims.[2] The Court denies the motion.

## I. LEGAL STANDARD.

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[3] A genuine dispute of material fact exists if the dispute "might affect the outcome of the suit" and "a reasonable jury could return a verdict for the nonmoving party."[4] However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[5] The Court

[1] ECF No. 1-1 at 6–14.
[2] ECF No. 14.
[3] *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *Id*. at 247-48.

"may not make credibility determinations or weigh the evidence" when ruling on a summary judgment motion[6] and reviews all facts in the light most favorable to the nonmoving party.[7]

## II. ANALYSIS.

### *A. Breach of the Duty of Good Faith and Fair Dealing*

A breach of the duty of good faith and fair dealing occurs "when the insurer has *no reasonable basis* for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial."[8] The insured party must show "the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim."[9] The first element requires "an objective determination of whether a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits."[10] The second element requires balancing "the right of an insurer to reject an invalid claim and the duty of the carrier to investigate and pay compensable claims."[11]

"[A]n insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim."[12] And "an insurer's reliance on upon an expert report, standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable."[13] But "[w]hen an insurer

[6] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).
[7] *First Colony Life Ins. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).
[8] *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997).
[9] *Id.*
[10] *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).
[11] *Id.*
[12] *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 541 (S.D. Tex. 1999) (quoting *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 n.5 (Tex. 1997)).
[13] *Id.*

possess[es] evidence reasonably showing that the insured's claim may be invalid, a bad-faith action is not viable."[14]

The evidence reflects that State Farm sent an engineer, Coby Osborne, to inspect the property.[15] The purpose of the investigation was to determine "if plumbing leaks have caused or contributed to foundation movements/damage at the residence."[16] As a result of the inspection, State Farm denied coverage for repairs to the foundation of Plaintiffs' house.[17] Plaintiffs then hired their own inspector, Lee Page, to review the foundation.[18] They provided his report to State Farm[19] and State Farm reviewed the report and provided it to Mr. Osborne.[20] State Farm did not reverse its decision to deny coverage.[21]

Mr. Osborne and Mr. Page disagree about the amount of "heaving" and lateral movement in the foundation. Mr. Osborne concluded that there "was no localized 'heaving' of the foundation system adjacent to the water line leaks."[22] Mr. Page's report, on the other hand, reportedly "linked the crawl space water leak to the foundation heaving."[23] Plaintiffs also filed a declaration from Jimmy Meeks, the owner of Advanced House Leveling and Foundation Repair, who they retained to provide expert testimony.[24] Mr. Meeks opines that "there were no signs of foundation distress" when he performed work on the house in 2019 and that the foundation distress observed in 2023, after the water leaks, occurred because "the hot water line leak beneath the structure caused soil

[14] *Tucker v. State Farm Fire and Cas. Co.*, 981 F. Supp. 461, 465 (S.D. Tex. 1997).
[15] ECF No. 14-2 at 29; ECF No. 16-1 at 8.
[16] ECF No. 14-2 at 38.
[17] *Id.* at 45; ECF No. 14-3 at 31–32.
[18] ECF No. 14-3 at 33.
[19] *Id.*
[20] *Id.* at 36.
[21] *Id.*; *see also* ECF No. 16-1 at 43–45.
[22] ECF No. 16-1 at 12.
[23] *Id.* at 4 (Neither Plaintiffs nor Defendant provided a copy of Mr. Page's report, and all testimony about what the report said comes from Plaintiff Amy Mason).
[24] *See* ECF No. 16-2.

movement and a loss of support under portions of the foundation."[25] Mr. Meeks also contradicts Mr. Osborne's conclusion about "heaving," opining that Mr. Osborne's own measurements reflect an increased elevation in the house "concentrated around the leak near the kitchen/dining/living areas, which indicates localized heaving around and caused by the leak."[26] Plaintiff Amy Mason also asserts that some of the photographs Mr. Osborne took reflect damage in the area of the home where the leak was, despite Mr. Osborne's conclusion that there was no foundation damage in that area.[27]

There is a genuine issue of material fact about whether State Farm reasonably relied on Mr. Osborne's conclusions and report.[28] Accordingly, State's Farm is denied summary judgment on Plaintiffs' breach of the duty of good faith and fair dealing claim.

### ***B. Texas Insurance Code and DTPA Claims***

State Farm argues that Plaintiffs' Texas Insurance Code and DTPA claims are also barred because of a lack of bad faith.[29] Recovery under the Texas Insurance Code and DTPA "require the same predicate for recovery as bad faith causes of action in Texas."[30] Given the genuine issue of

[25] *Id.* at 2–3.
[26] *Id.* at 4.
[27] ECF No. 16-1 at 4.
[28] *See, e.g.*, *Pek v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:18-CV-00259-ALM-KPJ, 2019 WL 2754677, at *4 (E.D. Tex. Apr. 22, 2019) (recommending denying summary judgment on the grounds that the facts, when taken in the light most favorable to the plaintiffs, suggested that the insurance adjuster's inspections were sloppy or inaccurate), *report and recommendation adopted*, 2019 WL 2223197 (E.D. Tex. May 23, 2019); *EPT Dos Santos Apartments, LP v. State Farm Lloyds*, No. 3:24-CV-00458-DB, 2026 WL 931721, at *7 (W.D. Tex. Feb. 25, 2026) ("If a reasonable jury could conclude that [the] [d]efendant discounted or minimized those findings [identifying covered damage] without a reasonable basis, the dispute would extend beyond a routine bona fide coverage dispute and raise a fact issue as to whether liability was reasonably clear or if there was evidence that the reports were not objectively prepared or that reliance on them was unreasonable."), *report and recommendation adopted*, 2026 WL 1196605 (W.D. Tex. Mar. 27, 2026).
[29] ECF No. 14 at 8.
[30] *Higginbotham*, 103 F.3d at 460.

material fact described above for the bad faith claim, so too will the Court deny State Farm summary judgment on these claims.

Finally, State Farm argues that Plaintiffs did not meet Fed. R. Civ. P. 9(b)'s pleading standard for their Texas Insurance Code claims.[31] Fed. R. Civ. P. 9(b)'s pleading requirements address only what a plaintiff needs to assert in a pleading, not whether there is evidence to substantiate the claim. "Alleging that [a plaintiff] failed to meet Rule 9(b)'s pleading standard does not meet Defendants' summary judgment burden to establish that there is no genuine issue of material fact or, in this case, an absence of evidence, and that they are entitled to judgment as a matter of law."[32] Summary judgment is denied on this argument as well.

Defendant's motion for partial summary judgment on Plaintiffs' extra-contractual claims [ECF No. 14] is **DENIED**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[31] ECF No. 14 at 8–9.

[32] *Bryant v. CIT Grp./Consumer Fin., Inc.*, 303 F. Supp. 3d 515, 526 (S.D. Tex. 2018).